# Timber Hill Community Association Inc.
## v. Siegel

C.P. of Monroe County, no. 2597 Civil 1994.

*Arthur Zulick,* for plaintiff.
*Marshall Anders,* for defendants.

CHESLOCK, *J.,* August 22, 1996—

## I. FINDINGS OF FACT

(1) Plaintiff, Timber Hill Community Association Inc., is a Pennsylvania non-profit corporation which owns and manages the roads and common areas of the Timber Hill Community Association, in Price/Paradise Townships, Monroe County, Pennsylvania.

(2) Defendants, Barry Siegel and Roseann Siegel, are the owners of lot no. 3011, in the Timber Hill Development.

(3) On January 29, 1986, the plaintiff acquired title to all of the roads located in the Timber Hill Development, including Wobbly Barn Road, which is adjacent to the property of the plaintiff.

(4) When plaintiff took title to the aforesaid roads, it did not have a survey done of the roads.

(5) Plaintiff adopted a resolution requiring the submission of building plans for review prior to construction, which resolution took effect January 1, 1988.

(6) Defendants purchased their property situate in Timber Hill (lot no. 3011, plotting IV) by virtue of a deed dated March 31, 1988. (Plaintiff's exhibit no. 2-A.)

(7) When defendants purchased their property, they also obtained an existing septic permit for their lot. (Defendants' exhibit no. 3.)

(8) Defendants submitted a plot plan to plaintiff prior to the start of construction of their home in the spring of 1990.

(9) Defendants did not have their lot surveyed prior to construction, but relied upon the physical location of the road and the plot plan which was attached to the septic permit. Defendants' plot plan showed the location of the well within the boundaries of the property.

(10) Defendants acted as their own general contractor in the construction of their home.

(11) In February 1991 defendants and the well driller measured the distance from the blacktop portion of the road and drilled the well.

(12) In 1994, the plaintiff decided to do some road reconstruction work because of a blind spot on Wobbly Barn Road and had a survey done by Achterman Associates. (Plaintiff's exhibit no. 8.)

(13) The said survey clearly shows that the defendants' well is 5.6 feet beyond defendants' lot line into the plaintiff's road right-of-way. (Plaintiff's exhibit no. 9.)

(14) The redesign of Wobbly Barn Road requires the use of the entire 40 foot width of the roadway.

(15) The defendants refuse to relocate their well at their own expense.

(16) The center of the macadam portion of the roadway is 10 feet off of the center of the right-of-way.

## II. DISCUSSION

When plaintiff learned that the defendants would not relocate their well at their own expense, plaintiff brought this action in ejectment. The non-jury trial in this matter was held on July 16, 1996, at which time counsel for

both parties waived the requirement of having the opinion rendered within seven days.

The plaintiff in an ejectment action will prevail if he establishes by a preponderance of the evidence that the defendant has encroached upon or is making use of any part of the premises that belong to the plaintiff. *Soffer v. Beech*, 487 Pa. 255, 409 A.2d 337 (1979). See also, *Doman v. Brogan*, 405 Pa. Super. 254, 592 A.2d 104 (1991). In the instant case, it is clear that the defendants' well is in the road right-of-way of Wobbly Barn Road.

In the case of *Timber Hill Community Association Inc. v. Designer Homes Inc.,* no. 2973 Civil 1994, Judge Miller of this court decided an ejectment case with similar facts. In that case, the defendant lot owner had constructed part of its septic system within the association's roadway. Judge Miller determined that the encroachment existed and ordered the defendant property owner to remove its septic system. Although the facts in that case were not exactly similar to the instant matter, it stands for more than a simple application of the general principal of an ejectment action.

The defendants, in their brief, raised the doctrine of laches, which in Pennsylvania may bar the issuance of an order of ejectment. *Harbor Marine Co. v. Nolan,* 244 Pa. Super. 102, 366 A.2d 936 (1976). However, in that case, the court decided the matter on the doctrine of "unclean hands," which we do not have in this case. The plaintiffs did not build the roads in this development. They took title to the roads from the developer in 1986. The cost of surveying all of the roads at that time would have been a rather significant expense. At the time defendants submitted their plot plan to the plaintiff, the plaintiff could not have known that the well would be in the road right-of-way. Plaintiff could not have

reasonably discovered the problem of the well until a survey of that particular road was done in 1994. Consequently, we do not feel that laches bar the plaintiff's recovery.

Defendants claim that the plaintiff did not act with due diligence in bringing this action, claiming that the plaintiff approved the plot plan which showed the location of the well. The testimony revealed that the defendants, who were their own general contractors, did not have their lot surveyed and prepared their own plot plan. The plot plan (defendants' exhibit no. 7) clearly showed that the well was within the boundaries of defendants' lot. There were no dimensions given showing the location of the well from the roadway or the paved portion of the roadway.

In addition, defendants claim that in an ejectment action the plaintiff must show an ouster. It is clear that the well is on the plaintiff's land. Ejectment is the appropriate action where the defendant is in possession of some portion of the plaintiff's land. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991).

The within problem did not surface until the spring of 1995, when plaintiff decided to realign Wobbly Barn Road and eliminate a dangerous blind spot. Defendants argue that the blind spot is somewhat removed from the area of the defendants' lot and, therefore, it would not be necessary for the plaintiff to insist on the relocation of the well. Furthermore, defendants claim that plaintiff no longer has the money to do the necessary work. We find both of these arguments to be without merit. Whether or not the plaintiff is in the position to do the work in the immediate future, it is clear that the road should be relocated to its proper center position.

The testimony showed that the defendants may have a problem relocating the well on their lot and still staying

within 100 feet of the existing septic system. Defendants' expert engineer, William Greiner, indicated that there is no prohibition against placing the well within 100 feet even though the reverse cannot be done because of DER regulations. In its supplemental brief, the plaintiff stated that it had no objection if the defendants had to relocate the well within the 10 foot utility and drainage easement, which is directly adjacent to the road. We would suggest that if that is the case, the parties enter into a written agreement approving that location so that there will be no future problem.

## III. CONCLUSIONS OF LAW

(1) Plaintiff has established, by a preponderance of the evidence, that it owns the title to the road right-of-way immediately adjacent to defendants' lot.

(2) Plaintiff has established, by a preponderance of the evidence, that the defendants' well is located within the plaintiff's road right-of-way and, therefore, encroaches upon the land of the plaintiff.

(3) Plaintiff is entitled to the immediate possession of its land.

(4) The doctrine of "laches" does not apply to this matter.

## VERDICT

And now, August 22, 1996, judgment is entered in favor of the plaintiff, Timber Hill Community Association Inc., and against the defendants, Barry Siegel and Roseann Siegel, and defendants are directed to remove the encroachment from the road right-of-way so that plaintiff's roadway project may proceed.